UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FRED DALICANDRO | No. 3:09-cr-245 (SRU) |

## RULING AND ORDER

Fred Dalicandro pleaded guilty to wire fraud in 2009, and his plea agreement (which expressly anticipated an obligation to pay restitution) was filed in 2010. At the time of his sentencing, the restitution amount was undetermined, so the judgment that entered indicated that an order on restitution would be issued following hearing. After numerous filings, two hearings, and a long delay, the restitution order issued in January 2016. Dalicandro has filed an appeal, largely on the basis of the delay, and moves under Rule 38 of the Federal Rules of Criminal Procedure to stay his restitution obligation pending the resolution of that appeal, or, in the alternative, to reduce the restitution amount.

Rule 38(e)(1) provides that when a defendant appeals from a sentence, "the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay—on any terms considered appropriate—any sentence providing for restitution under 18 U.S.C. §3556 or notice under 18 U.S.C. §3555." Dalicandro argues that I should exercise that discretion to stay the restitution order pending the outcome of his appeal (or reduce its amount) principally because the ordered payment of 10% of his gross monthly income is burdensome to him and his family. As discussed more thoroughly in the restitution order (doc. # 87), I am required by the Mandatory Victim Restitution Act to order restitution in this case. Under that law, district courts "no longer [have] discretion to deny an award of restitution or to award restitution for anything less than the

full amount of the victim's losses." *United States v. Walker*, 353 F.3d 130, 131 (2d Cir. 2003). Crime victims have "[t]he right to full and timely restitution as provided by law," 18 U.S.C. § 3771(a)(6), and I see no reason to further extend the already-long delay to the consummation of that right in this case. Dalicandro has not offered a persuasive argument that he has been prejudiced by the delay; on the contrary, given the time value of money, he stands only to benefit from any delay and the victim to suffer from it. Dalicandro reports personal gross income of over $8300 per month (not including any household income earned by other family members), and though his expenses are not insignificant, and though any restitution payment may require a lifestyle adjustment, he does not show that he is unable to make restitution payments of 10% of his gross income.

      The motion to stay the restitution order is denied.

      So ordered.

Dated at Bridgeport, Connecticut, this 6th day of May 2016.

                                                /s/ STEFAN R. UNDERHILL
                                                Stefan R. Underhill
                                                United States District Judge